### *GARLAND* vs *LOCKETT.*

The attorney in fact of absent heirs may maintain an action in his own name on a note he received in settling their claim against the maker
The past use of money is a good consideration to support a promise to pay interest.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. The defendant, who was testamentary executor of Robert Pamphlin, deceased, being indebted to the succession, gave his note to the plaintiff, attorney in fact for the absent heir, for the balance due, and added to it interest at five per cent. for the time he had the use of the money, which appears to have been nearly five years.

This action is instituted on the note thus given, and the defendant has presented two objections to judgment being rendered against him.

1st. That the note was given to the plaintiff as attorney in fact for the heirs of Pamphlin, and that he cannot maintain an action in his own name, but as representative of the persons for whom he acted.

2d. That the promise to pay interest for the time the money had remained in his hands was without consideration, and void.

I. The plaintiff could well maintain this action in his own name. By taking the note he became responsible to the heirs for the amount, and he of course had a right to enforce it. The argument that this judgment will not form *res judicata* against the heirs is certainly correct. But the receipt which the defendant took from the plaintiff at the time he gave the note will protect him against their demand. And these proceedings will secure him from any further claim on the part of the petitioner whom he made his creditor by executing the note.

II. The use of the money formed a good consideration on which the promise to pay interest was made. There was a moral or natural obligation on the part of the defendant to compensate the heirs for the advantage he had derived from using their money. And it became a legal one by the agreement he entered into with the plaintiff. The contract was that which is denominated in our law *constitutæ pecuniæ*. The examples given by Pothier shew, that by it, natural obligations ac-

GARLAND
*vs*
LOCKETT.

quire the force of legal ones. *Pothier, traite des ob. Part.* 2, *chap.* 6, *sec.* 9, *du pacte constitutæ pecuniæ, n.* 3 & 8. *See, also,* 2 *Blackstone Com* 446 & 1 *Cowper* 290.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Garland*, in person, & *Bowen*, for the plaintiff, *Baker* & *Ogden* for the defendant.